Dr. Robert Peters, Director Arkansas School for Mathematics and Sciences 200 Whittington Avenue Hot Springs, Arkansas 71901
Dear Dr. Peters:
This is in response to your request for an opinion concerning A.C.A. §19-4-1604, entitled "Salary from two agencies." It is my understanding that the Arkansas School for Mathematics and Sciences (ASMS) has an employee who is regularly employed as a residential mentor; she is being paid the line-item maximum salary for the position. You state that if you contract with this employee to teach band and choir as an adjunct teacher, any additional salary paid for these additional responsibilities would cause the employee's salary to exceed the line-item maximum for her regular position. In light of this situation, you have presented the following question:
 Would "concurrent employment" status make the excessive salary acceptable, as long as the additional salary is paid from a different line item than her regular salary?
In my opinion, the answer to your question is "no."
Initially, reference should be made to Article 16, § 4 of the Arkansas Constitution which provides:
 The General Assembly shall fix the salaries and fees of all officers in the State, and no greater salary or fee than that fixed by law shall be paid to any officer, employee or other person, or at any rate other than par value; and the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law.
The Arkansas Supreme Court has concluded that this provision empowers the legislature to set the maximum salaries for state employees, and that this maximum salary is all that may be received by any employee from public funds. See Gipson v. Ingram, 215 Ark. 812, 223 S.W.2d 595 (1949);see also Gipson v. Crawfis, 225 Ark. 903, 286 S.W.2d 336 (1956). In accordance with Article 16, § 4, the General Assembly enacted A.C.A. §19-4-1601(b)(3)(C) (Repl. 1994) which provides that "No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefor by law." See generally Op. Att'y Gen. 90-050.
Under certain circumstances, the General Assembly has expressly authorized state employees to receive combined salary payments in excess of the maximum annual salary for their regular position. Specifically, you have asked whether one such provision, A.C.A. § 19-4-1604, as amended, permits the action contemplated by the ASMS. Arkansas Code Annotated § 19-4-1604 (Supp. 1995), entitled "Salary from two agencies," provides:
 (a) Except as provided in subsection (b), no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that:
 (1) The work performed for the other agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.
 (b) This section does not prohibit state employees from contracting to temporarily teach as adjunct faculty at a state-supported institution of higher education and thereby receive combined salary payments from the two agencies in excess of the larger maximum annual salary of the line item position authorized from either agency.
I assume that your question is concerned with subsection (b) because you note that you contemplate contracting with the employee as an adjunct teacher.
In my opinion, § 19-4-1604 is not applicable to the situation that you have presented; therefore, the provision may not be relied upon as authorization for the action contemplated. First, the provision addresses only those state employees who are receiving salaries from two separate state agencies. In the situation that you have presented, the employee will be paid by a single agency; the fact that the two salaries will be paid from separate line-items does not make § 19-4-1604 applicable. Second, § 19-4-1604(b) permits state employees to contract under certain circumstances with a "state-supported institution of higher education." In my opinion, the ASMS does not constitute a "state-supported institution of higher education" as contemplated in § 19-4-1604(b). Seegenerally Title 6 of the Arkansas Code Annotated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh